## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INCOMM HOLDINGS, INC., and INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:15-cv-02671-WSD |

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Great American Insurance Company ("Great American") answers the complaint filed by InComm Holdings, Inc. ("InComm") and Interactive Communications International, Inc. ("ICI") (collectively "plaintiffs") as follows:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against Great American upon which relief can be granted, and therefore, must be dismissed.

1

## SECOND AFFIRMATIVE DEFENSE

Any claim, right, or ability of the plaintiffs to recover under the Policy of insurance issued by Great American to plaintiffs, Policy No. SAA 347-89-10-08 (hereinafter "the Policy"), is determined by and limited to the specific coverages as provided in the Policy, subject to all terms, conditions, exclusions, limitations, and endorsements of the Policy.  Plaintiffs' complaint is barred and/or limited by the specific terms and provisions of the Policy, which are incorporated herein by reference, and therefore, plaintiffs' complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' allegations of bad faith failure to pay are without any basis in fact or law, and plaintiffs' claim for bad faith penalties is barred, plaintiffs having failed to comply with the procedural requirements of O.C.G.A. § 33-4-6.  Great American's actions have been in good faith, based upon a reasonable interpretation of the Policy provisions as applied to the circumstances known, and therefore, plaintiffs' claim for bad faith must fail.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of contract claim is barred since plaintiffs have failed and refused to comply with certain conditions precedent contained within the Policy.

## FIFTH AFFIRMATIVE DEFENSE

The complaint is barred by doctrines of ratification, waiver, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The complaint is barred and/or some or all of the plaintiffs' damages may be foreclosed by plaintiffs' failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

ICI's complaint is barred because the Policy precludes ICI from pursuing a claim or receiving payment under the Policy unless and until the first named insured ceases to be covered under the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Great American denies each and every allegation made in the plaintiffs' complaint except as expressly admitted below.

## NINTH AFFIRMATIVE DEFENSE

Great American responds to the numbered paragraphs of the complaint as follows:

1. Great American admits that this matter arises out of an insurance coverage dispute but denies all other allegations in paragraph 1 of the complaint.

2. Great American admits the allegations in the first sentence of paragraph 2 of the complaint. The second sentence of paragraph 2 states a legal

conclusion to which no response is required. To the extent a response is required, Great American denies the allegations in the second sentence of paragraph 2.

3. Great American admits the allegation in paragraph 3 of the complaint that plaintiffs seek to recover alleged damages and obtain a declaratory ruling but denies all other allegations in paragraph 3 of the complaint.

4. Great American admits the allegation in paragraph 4 of the complaint that plaintiffs seek to recover alleged damages and attorneys' fees but denies all other allegations in paragraph 4 of the complaint.

5. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the complaint and so must deny such allegations.

6. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the complaint and so must deny such allegations.

7. Great American admits the allegations in paragraph 7 of the complaint.

8. The first sentence of paragraph 8 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Great American admits the allegations in the first sentence of paragraph 8 that it

conducts business in Georgia and issued an insurance policy to InComm. To the extent that the second sentence of paragraph 8 describes the terms of a written document, *i.e.*, an insurance policy issued to InComm, the document speaks for itself, and Great American denies any allegations that are inconsistent with the document. Great American admits the allegation in the second sentence of paragraph 8 that it issued the Policy to InComm but denies that it delivered the Policy to InComm because Great American delivered the Policy to J. Smith Lanier, InComm's insurance broker. Great American denies the allegations in the third sentence of paragraph 8.

9. The first sentence of paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Great American admits the allegations in the first sentence of paragraph 9 that there is a complete diversity of citizenship and that the amount in controversy exceeds $75,000. Great American admits the allegations in the second sentence of paragraph 9.

10. Paragraph 10 of the complaint states a legal conclusion to which no response is required. To the extent a response is required, Great American denies the allegations in paragraph 10 of the complaint.

11. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the complaint and so must deny such allegations.

12. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the complaint and so must deny such allegations.

13. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the complaint and so must deny such allegations.

14. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the complaint and so must deny such allegations.

15. Great American lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the complaint and so must deny such allegations.

16. Great American denies the allegation in the first sentence of paragraph 16 of the complaint that InComm transferred funds to a bank account held in the name of a third-party issuer of the consumer's GPR card upon a consumer's redemption of a VRC because InComm was designated as the holder of the funds

deposited into InComm's Bancorp account upon redemption of a VRC. Great American lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 16 of the complaint and so must deny such allegations. Great American denies the allegations in the second sentence of paragraph 16 of the complaint because GPR cards do not grant consumers direct access to the account into which InComm deposits funds upon the redemption of VRC's.

17. Great American denies the allegations in paragraph 17 of the complaint to the extent that the allegations characterize the individuals who allegedly caused InComm's loss as "hackers" because the individuals did not gain unauthorized access to InComm's IVR system but instead, at most, benefitted from a programming mistake InComm itself made. Great American lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 17 of the complaint and so must deny such allegations.

18. Great American denies the allegations in the first and second sentences of paragraph 18 of the complaint to the extent that the allegations characterize the individuals who allegedly caused InComm's loss as "hackers" because the individuals did not gain unauthorized access to InComm's IVR system but instead, at most, benefitted from a programming mistake InComm itself made.

Great American denies the allegation in the first sentence of paragraph 18 that the individuals who allegedly caused InComm's loss "manipulated" InComm's systems to the extent that the term "manipulated" suggests the individuals changed or altered the operation of the systems in some manner because InComm itself programmed the systems to allow for multiple redemptions of VRC's and the individuals who allegedly caused InComm's loss did not change or alter the systems in any manner.  Great American denies the allegations in the second sentence of paragraph 18 to the extent that the allegations suggest the individuals who allegedly caused InComm's loss used InComm's systems in a manner that was inconsistent with their intended use because InComm itself programmed the systems to allow for multiple redemptions under such circumstances.  Great American lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 18 of the complaint and so must deny such allegations.

19.   Great American denies the allegation in paragraph 19 of the complaint that InComm incurred a loss of $11,471,407 in connection with the circumstances described in the complaint.  Great American lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 19 of the complaint and so must deny such allegations.

20. Great American admits the allegation in the first sentence of paragraph 20 of the complaint that InComm and Great American are parties to Crime Protection Policy No. SAA 347-89-10-08. With respect to the remaining allegations in the first sentence of paragraph 20, the Policy speaks for itself. Great American denies such allegations to the extent they are inconsistent with the Policy. Great American admits the allegation in the second sentence of paragraph 20 that Exhibit A to the complaint is a true and accurate copy of the Policy.

21. The insurance policy referenced in the allegation in paragraph 21 of the complaint speaks for itself. Great American denies the allegations in paragraph 21 to the extent they are inconsistent with the Policy.

22. The insurance policy referenced in the allegation in paragraph 22 of the complaint speaks for itself. Great American denies the allegations in paragraph 22 to the extent they are inconsistent with the Policy.

23. Great American admits the allegation in paragraph 23 of the complaint that InComm submitted a proof of loss to Great American but lacks sufficient information or knowledge to admit or deny the allegation in paragraph 23 that the proof of loss was timely, and so must deny such allegation.

24. Great American denies the allegations in paragraph 24 of the complaint.

25. Great American denies the allegations in paragraph 25 of the complaint.

26. Great American denies the allegations in paragraph 26 of the complaint.

27. Great American admits the allegation in paragraph 27 of the complaint that it sent a letter to InComm on May 12, 2015, but denies the allegation that it sent the letter "[o]ver ten months after InComm submitted its proof of loss." The letter referenced in paragraph 27 speaks for itself and Great American denies the allegations in paragraph 27 to the extent the allegations are inconsistent with the letter.

28. Great American admits the allegation in paragraph 28 of the complaint that InComm's outside counsel sent a letter to Great American. The letter speaks for itself and Great American denies the allegations in paragraph 28 to the extent the allegations are inconsistent with the letter.

29. Great American admits the allegation in paragraph 29 of the complaint that its outside counsel sent a letter to InComm's outside counsel. The letter speaks for itself and Great American denies the allegations in paragraph 29 to the extent the allegations are inconsistent with the letter. Great American also

denies the allegation in paragraph 29 that its coverage determination was "erroneous."

30. Great American denies the allegations in the first sentence of paragraph 30 of the complaint. Great American admits the allegation in the second sentence of paragraph 30 that one of the reasons it denied coverage is that some of the individuals who allegedly caused InComm's loss did not do so through the use of a computer in a manner that is covered under the Policy.

31. Great American denies the allegations in paragraph 31 of the complaint to the extent the allegations suggest that all of the individuals who allegedly caused InComm's loss directly accessed InComm's IVR system. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 31 and so must deny such allegations.

32. Great American lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 32 of the complaint and so must deny such allegations. Great American denies the allegations in the second sentence of paragraph 32 to the extent that the allegations characterize the individuals who allegedly caused InComm's loss as "hackers" because the individuals did not gain unauthorized access to InComm's IVR system but instead, at most, benefitted from a programming mistake InComm itself made. Great

American denies the allegation in the second sentence of paragraph 32 that the individuals who allegedly caused InComm's loss "directly interfaced" with the APS computer system because, as the first sentence of paragraph 32 suggests, the individuals, at most, accessed the APS computer system indirectly through other devices, some of which are not computers. Great American denies the allegation in the second sentence of paragraph 32 that the individuals who allegedly caused InComm's loss "manipulated" InComm's systems to the extent that the term "manipulated" suggests the individuals changed or altered the operation of the systems in some manner because InComm itself programmed the systems to allow for multiple redemptions of VRC's and the individuals who allegedly caused InComm's loss did not change or alter InComm's systems in any manner. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 32 and so must deny such allegations.

33.   Great American admits that one of the reasons it denied coverage is that InComm's loss did not involve computer fraud as defined under the Policy because the individuals who allegedly caused the loss did not gain unauthorized access to a computer system or use a computer system in an unauthorized manner, but denies the allegation that its coverage determination is "erroneous." Great American denies the allegations in paragraph 33 to the extent that the allegations

characterize the individuals who allegedly caused InComm's loss as "hackers" because the individuals did not gain unauthorized access to InComm's IVR system but instead, at most, benefitted from a programming mistake InComm itself made.

34. Great American denies the allegations in the first sentence of paragraph 34 of the complaint that the individuals who allegedly caused InComm's loss "fraudulently hacked" InComm's APS computer system and "subverted" that system because the individuals did not gain unauthorized access to InComm's IVR system but instead, at most, benefitted from a programming mistake InComm itself made. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of paragraph 34 of the complaint and so must deny such allegations. Great American denies the allegations in the second sentence of paragraph 34.

35. Great American denies the allegations in paragraph 35 of the complaint.

36. Great American admits the allegation in paragraph 36 of the complaint that one of the reasons it denied coverage is that the alleged acts of computer fraud did not directly cause a transfer of money that is covered under the Policy.

37. Great American denies the allegations in the first sentence of paragraph 37 of the complaint. Great American lacks sufficient information or knowledge to admit or deny the allegations in the second sentence of paragraph 37 of the complaint and so must deny such allegations.

38. Great American denies the allegations in paragraph 38 of the complaint.

39. Great American admits the allegations in paragraph 39 of the complaint that one of the reasons it denied coverage is that InComm's alleged loss was not the direct result of a covered event and that InComm's alleged loss resulted from its contractual liability to The Bancorp Bank ("Bancorp").

40. Great American denies the allegations in paragraph 40 of the complaint.

41. Great American denies the allegations in paragraph 41 of the complaint.

42. Great American denies the allegations in paragraph 42 of the complaint.

43. Great American denies the allegations in paragraph 43 of the complaint.

44. Great American denies the allegations in paragraph 44 of the complaint.

45. Great American admits the allegations in paragraph 45 of the complaint that one of the reasons it denied coverage is that each alleged VRC redemption constitutes a separate occurrence under the Policy, but denies InComm's characterization of Great American's position with respect to coverage as "erroneous."

46. The insurance policy referenced in paragraph 46 of the complaint speaks for itself and Great American denies the allegations in paragraph 46 to the extent the allegations are inconsistent with the Policy.

47. Great American denies the allegations in paragraph 47 of the complaint.

48. Great American denies the allegation in the first sentence of paragraph 48 of the complaint that all of the alleged VRC redemptions for which InComm seeks coverage constitute a single occurrence under the Policy. The insurance policy described in the first and second sentences of paragraph 48 speaks for itself. Great American denies the allegations in the first and second sentences of paragraph 48 to the extent that the allegations are inconsistent with the Policy.

49. Great American denies the allegations in paragraph 49 of the complaint.

50. Great American denies the allegations in paragraph 50 of the complaint.

51. Great American denies the allegations in paragraph 51 of the complaint.

52. Great American denies the allegations in the first and second sentences of paragraph 52 of the complaint. Great American denies the allegation in the first bullet point in the third sentence of paragraph 52 that an October 4, 2014 telephone call took place "[o]ver three months after" InComm's July 18, 2014 proof of loss. Great American denies the allegation in the seventh bullet point in the third sentence of paragraph 52 that Great American made "duplicative" requests for information. Great American admits the remaining allegations in the third sentence of paragraph 52.

53. Great American denies the allegations in paragraph 53 of the complaint.

54. Paragraph 54 does not make any allegations and so no response is required. To the extent a response is required, Great American repeats and incorporates by reference its responses to paragraphs 1-53 of the complaint.

55. Great American denies the allegations in paragraph 55 of the complaint.

56. Great American denies the allegations in paragraph 56 of the complaint.

57. Great American denies the allegations in paragraph 57 of the complaint.

58. Great American denies the allegations in paragraph 58 of the complaint.

59. Great American denies the allegations in paragraph 59 of the complaint.

60. Paragraph 60 does not make any allegations and so no response is required. To the extent a response is required, Great American repeats and incorporates by reference its responses to paragraphs 1-59 of the complaint.

61. Great American denies the allegations in paragraph 61 of the complaint.

62. Great American denies the allegations in paragraph 62 of the complaint.

63. Great American denies the allegations in paragraph 63 of the complaint.

64. Great American denies the allegations in paragraph 64 of the complaint.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Great American denies the allegations in paragraph 65.

66. Paragraph 66 does not make any allegations and so no response is required. To the extent a response is required, Great American repeats and incorporates by reference its responses to paragraphs 1-65 of the complaint.

67. Great American admits the allegations in paragraph 67 of the complaint.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Great American denies the allegations in paragraph 68.

69. Great American denies the allegations in paragraph 69 of the complaint.

70. Great American denies that plaintiffs are entitled to the relief requested in paragraph 70 of the complaint or to any relief at all.

WHEREFORE, having responded to the allegations of plaintiffs' complaint, Great American respectfully requests that:

1. Plaintiffs' complaint be dismissed and discharged with all costs cast upon plaintiffs for attorney's fees and expenses of litigation; and

2. Great American be awarded such other further relief as the Court may deem just and proper.

DATED: August 21, 2015.

    Respectfully submitted,

    /s/ H. Michael Bagley
    H. Michael Bagley
    Georgia Bar No.: 031425
    Drew Eckl & Farnham
    880 West Peachtree Street, N.W.
    Atlanta, GA  30357-7600
    T: (404) 885-6415
    E: mbagley@deflaw.com

    F. Joseph Nealon (*pro hac vice pending*)
    Michael A. Graziano (*pro hac vice pending*)
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    1717 Pennsylvania Ave, N.W., Floor 12
    Washington, D.C. 20006
    T: (202) 659-6606/6671
    F: (202) 659-6699
    E: jnealon@eckertseamans.com
       mgraziano@eckertseamans.com

    *Counsel for defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INCOMM HOLDINGS, INC., and INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:15-cv-02671-WSD |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint** was served via the Court's electronic filing system this 21st day of August, 2015, on:

> Daniel F. Diffley, Esq.
> Tejas S. Patel, Esq.
> Kristen K. Bromberek, Esq.
> Alston & Bird LLP
> 1201 W. Peachtree Street
> Atlanta, Georgia  30309-3425

*Counsel for plaintiff*

/s/ H. Michael Bagley
H. Michael Bagley